IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FRANKLIN AMERICAN MORTGAGE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>)<br>) |
| vs. | ) CASE NO. 3:14-0645<br>) JUDGE CAMPBELL/KNOWLES<br>) |
| THE AMERICAN EAGLE MORTGAGE CO., LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

This matter is before the Court, *sua sponte,* with regard to an issue concerning this Court's jurisdiction. "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own Motion." *Things Remembered, Inc. v. Petrarca, Inc.*, 516 U.S. 124, 132 n.1 (Ginsburg, J., concurring). *See also Answers in Genesis of Kentucky, Inc., v. Creation Ministries International, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

Defendant removed this action from the Chancery Court for Williamson County, Tennessee, arguing that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1)(Diversity of Citizenship). Docket No. 1.

According to the Notice of Removal, Plaintiff is a Tennessee corporation with its

principal place of business in Franklin, Tennessee.  Docket No. 1, p. 2.  The Complaint further states, "[Defendant] is a limited liability company located in the State of Ohio with its principal place of business in Lorain, Ohio." *Id*.

The allegations regarding Defendant are not sufficient to establish that this Court has diversity jurisdiction of this action.  The Sixth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of its members, and not by reference to the laws of the state in which it is incorporated or the state in which it has its principal place of business.  *See Delay v. Rosenthal Collins Group, LLC*, 585 F. 3d 1003, 1005 (6th Cir. 2009).

The burden of establishing the requirements of diversity jurisdiction in this removal case rests upon Defendant, which has removed the case and invoked the Court's jurisdiction.  *See Long v. Bando Mfg. of Am., Inc.,* 201 F. 3d 754, 757 (6th Cir. 2000).

Within twenty (20) days of entry of this Order, Defendant shall file a Response to this Order addressing the points discussed above and establishing that the Court does, in fact, have subject matter jurisdiction of this action.  Plaintiff may file a Reply to Defendant's Response within fifteen (15) days of the filing of Defendant's Response.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge